

**Signed and Filed: August 13, 2010**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-31138 SFC |
| CARLOS S. DE CASTRO, | Chapter 13 |
| Debtor. | |

### MEMORANDUM RE TRUSTEE'S MOTION TO REVIEW FEES

On July 16, 2010, the court held an evidentiary hearing regarding (1) the fee application of Debtor's prior attorney, Lynda Hung; and (2) the motion of the chapter 13 trustee to require Ms. Hung to disgorge all fees previously paid to her. Lilian Tsang appeared for the chapter 13 trustee David Burchard. Lynda Hung appeared on her own behalf. Richard A. LaCava appeared for Debtor.

Upon due consideration, and for the reasons stated below, the court determines that Ms. Hung's application for fees in excess of those she has already received should be denied, and that Ms. Hung should be required to return to Debtor $1,852 of the $3,326 fees she has already received.

(1) Ms. Hung sought and collected fees in a manner and amount

MEMORANDUM RE TRUSTEE'S
MOTION TO REVIEW FEES

-1-

inconsistent with the terms she agreed to in the Rights and Responsibilities of Chapter 13 Debtors and their Attorneys (hereinafter RAR)[1]. First, she violated the terms of the RAR by obtaining payment of fees postpetition directly from Debtor, rather than from the chapter 13 trustee. The RAR provides in relevant part: "Fees shall be paid through the plan unless otherwise ordered. The attorney may not receive fees directly from the debtor other than the initial retainer." It is undisputed that Ms. Hung obtained $1,000 from Debtor on April 25, 2010, 25 days after the petition date. Ms. Hung testified that Debtor made this payment of his own volition; Debtor testified that Ms. Hung demanded the payment. I credit Debtor's testimony on this point, and also note that Ms. Hung had a responsibility not to receive payment in violation of the terms of the RAR. Second, Ms. Hung attempted to collect a fee for filing a motion to avoid lien in excess of the fee she agreed to in the RAR. Ms. Hung acknowledged that she tried to collect a fee of $1,000 for filing a motion to avoid lien, after she had agreed in the RAR not to collect a fee of more than $600 for such services without first filing a full fee application and obtaining approval of the court.

(2) The services performed by Ms. Hung had limited value to Debtor. The three chapter 13 plans Ms. Hung prepared for Debtor contained significant flaws, and in response to each such plan the chapter 13 trustee raised more than one dozen specific objections. These flaws included failing to provide for secured claims listed

---

[1] Debtor contends that he never signed the RAR. Ms. Hung is bound by the terms of the RAR, because she represents that both she and Debtor signed the RAR.

**MEMORANDUM RE TRUSTEE'S**
**MOTION TO REVIEW FEES**

-2-

in the schedules, promising fixed monthly disbursements to creditors in excess of the monthly payments to made by Debtor, and failing to credit Debtor for fees that Debtor had already paid. As a result of the flaws in the plans prepared by Ms. Hung, and Ms. Hung's attempt to collect an excessive fee for filing motions to avoid lien, Debtor reasonably hired new counsel. The plans prepared by Ms. Hung were of little value to the new counsel, who largely had to start from scratch, and who seeks fees in the full amount permitted under this court's fee guidelines. The work performed by Ms. Hung in preparing schedules and the statement of financial affairs undoubtedly had some value to successor counsel, which causes this court to permit Ms. Hung to retain some of the fees she has received.

(3) Debtor contends that Ms. Hung submitted for filing documents that Debtor had not signed, by falsely representing to the court that Debtor had signed the documents in question. The court finds the evidence regarding this question inconclusive.

(4) Taking account of all the facts and circumstances noted above, the court determines that Ms. Hung's services had a value to Debtor of no more than $1,200, that Ms. Hung should be required by September 15, 2010 to return to Debtor in care of Richard A. LaCava the additional $1,852 she received from Debtor[2], and that her application for additional fees should be denied.

**\*\*END OF MEMORANDUM\*\***

---

[2] This is the amount remaining after deducting $1,200 for services provided plus the $274 filing fee.

**MEMORANDUM RE TRUSTEE'S**
**MOTION TO REVIEW FEES**

-3-

| | |
|---|---|
| 1 | **Court Service List** |
| 2 | |
| 3 | Lynda Hung, Esq. |
| | Law Office of Lynda Hung |
| 4 | P.O. Box 1713 |
| | San Bruno, CA 94066 |
| 5 | |
| | Carlos S. De Castro |
| 6 | 3637 Georgetown Court |
| | South San Francisco, CA 94080 |
| 7 | |